IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2016

## STATE OF TENNESSEE v. IVAN CHARLES MARABLE

**Appeal from the Circuit Court for Gibson County
No. H6486, H6545      Joseph H. Walker III, Judge**

---

**No. W2015-01670-CCA-R3-CD  -  Filed March 4, 2016**

---

In 1997, the defendant, Ivan Charles Marable, pled guilty to burglary and two charges of possession of a controlled substance. He claims that, although the offenses were committed serially, with the second and third committed while he was on bond, he pled to concurrent three-year sentences. He does not dispute that these sentences have expired. Now an inmate in a federal penitentiary, he filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct his alleged illegal sentences and to award jail credits. The trial court granted the motion for an evidentiary hearing but ordered that it would not be held until after the defendant's release from federal prison. The defendant appealed this order and sought to have a hearing after which he would be allowed to withdraw his pleas of guilty. Based upon the decision of our supreme court in State v. Adrian R. Brown, --- S.W.3d ---, No. E2014-00673-SC-R11-CD, 2015 WL 7748275 (Tenn. Dec. 2, 2015), which was released while the appeal was pending in this matter, we reverse the order of the trial court granting a hearing on the defendant's motion and direct that his motion be dismissed because the 1997 Tennessee sentences of which he complains have expired.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Ivan Charles Marable, Forrest City, Arkansas, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Garry G. Brown, District Attorney General; and Hillary Lawler Parham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

During the pendency of this appeal, our supreme court released an opinion which is fatal to the defendant's argument that Rule 36.1 requires the review of the trial court's delaying his hearing until he is released from federal custody. In <u>Brown</u>, 2015 WL 7748275, at *1-2, our supreme court reviewed the claim that in sentencing a defendant in 1997 for a Class C felony to five years, two above the minimum, without finding enhancement factors, an illegal sentence was imposed entitling him to Rule 36.1 relief. Additionally, the defendant in that case argued, as in this matter, that he was not given all of the sentence credits to which he was entitled. In <u>Brown</u>, the court concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences." <u>Id.</u> at *1. Accordingly, since the sentences have expired, he is not entitled to a hearing, and his motion may be summarily dismissed. Likewise, as to pretrial trial jail credits, the court in <u>Brown</u> determined that the failure to award such credits does not result in the subsequent sentence's illegality and, thus, may not be the basis for a Rule 36.1 claim. Applying that determination, we conclude that the motion in this matter does not present a colorable claim and, therefore, should be dismissed.

**<u>CONCLUSION</u>**

Based upon the foregoing authorities and reasoning, we remand this matter for an order dismissing the motion.

_____
ALAN E. GLENN, JUDGE

2